IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIS C. MCALLISTER, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW L. PEPPER, ESQ., *et al.*, <br><br> Defendants. | Case No. 20-cv-00003-DKW-RT <br><br> **ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND (2) REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS FOR PURPOSES OF APPEAL**[1] |

After the claims of employment discrimination lodged by *pro se* Plaintiff Willis McAllister in *McAllister v. Adecco Group N.A.*, No. 1:16-cv-00447-DKW-KJM ("*Adecco I*") were litigated for over two years, the lawsuit was dismissed on summary judgment.[2] McAllister, again proceeding *pro se*, then filed this action against eighteen individuals and corporations on January 3, 2020, alleging (in no less than (14) counts and 110 pages) that Defendants failed to compel arbitration in *Adecco I*, and as a result, Defendants conspired and breached the parties' Arbitration Agreement, Dkt. No. 1-2, "because of [McAllister's] race." *See, e.g.*, Dkt. No. 1 at 3, 29, 91–92, 101–02. The Court dismissed McAllister's complaint without leave

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2] *See Adecco I*, No. 1:16-cv-00447-DKW-KJM, (D. Haw. Nov. 21, 2018), ECF Nos. 396, 405.

to amend on January 10, 2020, Dkt. No. 6, because any amendment to the complaint could not possibly change the extent of the rights guaranteed under the Arbitration Agreement attached to McAllister's complaint.

McAllister has now filed a motion for reconsideration under Rules 60(b) or 59(e) of the Federal Rules of Civil Procedure, asking the Court to revive this action. Dkt. No. 8. Because McAllister has failed to establish a basis in law or fact for altering the January 10, 2020 Order, the motion for reconsideration is DENIED.

## DISCUSSION

**A.  Jurisdiction**

McAllister's appeal of this Court's January 10, 2020 Order generally divests this Court of jurisdiction over the matters being appealed. *Natural Res. Def. Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*)). As an exception to this general rule, however, a district court retains jurisdiction to rule on a timely-filed motion for reconsideration under Rules 60(b) or Rule 59(e). *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)); *Stone v. I.N.S.*, 514 U.S. 386, 402 (1995) (noting that "these motions also serve to divest the appellate court of jurisdiction where the motions are filed after appeal is taken"); *Griggs*, 459 U.S. at 402–03.

McAllister's motion is timely under Rules 59(e) and 60(b), and therefore, this Court has jurisdiction to decide McAllister's motion.

**B.     Standard of Review**

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Rule 59(e); a motion filed later is considered under Rule 60(b). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001); *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016). Because McAllister filed his motion within twenty-eight days of judgment, the Court analyzes his motion under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" that is available only if there is: (1) a "manifest" error of "law or fact"; (2) "newly discovered or previously unavailable evidence"; (3) an "intervening change in controlling law"; or (4) a need to prevent "manifest injustice." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*)); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). As such, a Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485–86 n.5 (2008) (quoting 11 C. Wright &

3

A. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**C.     McAllister's Motion is Denied**

McAllister assigns four errors to the January 10, 2020 Order,[3] all of which are meritless, vague, and otherwise unsupported by any explanation or argument.

First, McAllister seems to imply that his complaint was erroneously subjected to mandatory screening under 28 U.S.C. Section 1915A because he is not a prisoner as that term is defined in Section 1915(a)(c). *See* Dkt. No. 8 at 3. Although "a court may screen a complaint pursuant to [Section] 1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated,'" *Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017), the Court reviewed McAllister's complaint pursuant to Section 1915(e)(2)(B). Dkt. No. 6 at 1–2 n.2. Under that provision, "[t]he statutory authority is clear: 'the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (alterations and emphasis in original) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii));

---

[3] Although McAllister identifies five "issues," under "Issue #3" and "Issue #4" McAllister has duplicated his objection to the Court denying him leave to amend. *See* Dkt. No. 8 at 6–7.

*see also Franklin v. Murphy*, 745 F.2d 1221, 1226–27 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). In other words, "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001). Therefore, Section 1915(e)(2) authorized the Court to dismiss McAllister's *in forma pauperis* action *sua sponte* before service of process on Defendants.

Second, McAllister suggests the Court erred in concluding that he failed to state a claim on which relief may be granted. Dkt. No. 8 at 5. In support, McAllister simply states that "he is in firm belief of his 'legal research' knowledge, that he has established valid claims for relief, for all of the claims he has . . . asserted in this action." *Id.* But Rule 59(e) is not an invitation to express mere disagreement with a previous order, and, absent specifics, McAllister has done nothing to identify any of the four valid bases on which reconsideration may lie.

Third, McAllister concludes the Court erred in dismissing his complaint without leave to amend and supports his proposition by merely reciting the applicable legal standard under Fed.R.Civ.P. 15(a)(2). Dkt. No. 8 at 6–7. It is well settled that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile . . ." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (ellipsis in original)

5

(quoting *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000)); *Parents For Privacy v. Barr*, No. 18-35708, 2020 WL 701730, at *20 (9th Cir. Feb. 12, 2020); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The problem with McAllister's complaint is not the sufficiency of his factual allegations. Rather, as the Court explained in the January 10, 2020 Order, McAllister's legal theories fail—as a matter of law—because his claims are all founded on rights that the Arbitration Agreement does not provide. Amending the complaint to add additional facts will not change the extent of McAllister's rights under the Arbitration Agreement.

Finally, McAllister seems to take issue with the Court's conclusion that he had knowledge of his right to arbitration. Dkt. No. 8 at 11. In raising this issue, McAllister simply quotes the relevant portion of the January 10, 2010 Order, and offers a list of case summaries from a document entitled, "Cases Tossed Out of Court Because of Forced Arbitration Clauses and Class Action Bans." *Id.* at 11–17. But as the title suggests, in these cases, the parties were ordered to proceed to arbitration *before* a final judgment was entered. These cases did not hold—as McAllister suggests—that a party to an arbitration agreement may file a lawsuit and litigate their claims to an adverse final judgment on the merits, and then *subsequently* file another lawsuit claiming that the opposing party breached the arbitration agreement by failing to enforce its terms, despite the fact that neither party moved to compel

arbitration in the first action. Of course, this is because the law does not endorse such manifest absurdity. *See, e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983); *Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 943 (9th Cir. 2019); *United States v. Park Place Assocs.*, 563 F.3d 907, 918–21 (9th Cir. 2009).

Because McAllister has not set forth a basis in law or fact for altering the January 10, 2020 Order, the motion for reconsideration is DENIED.

## D. An Appeal Would Not Be Taken In Good Faith

On February 10, 2020, the Ninth Circuit Court of Appeals asked this Court to determine "whether in forma pauperis status should continue for [McAllister's] appeal or whether the appeal is frivolous or taken in bad faith." Dkt. No. 12.

The Court certifies that any appeal in this case would not be made in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). As the Court explained in the January 10, 2020 Order, this action was dismissed because, as a matter of law, McAllister had waived any rights he once had under the Arbitration Agreement and this cannot "possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (citation omitted). Because an appeal of this dismissal would have no arguable basis in law or fact, as reinforced by the Court's ruling on McAllister's reconsideration request, an appeal would be

7

frivolous.  *See Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (explaining that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact").  Accordingly, the Court REVOKES McAllister's *in forma pauperis* status for purposes of appeal.

## CONCLUSION

For the reasons stated, McAllister's Motion for Reconsideration, Dkt. No. 8, is DENIED, and the Court REVOKES McAllister's *in forma pauperis* status for purposes of appeal.

The Clerk of Court is DIRECTED to send a copy of this Order to McAllister and to the Ninth Circuit Court of Appeals.  *See* Fed.R.App.P. 24(a)(4)(B).

IT IS SO ORDERED.

Dated: February 13, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Willis C. McAllister v. Andrew L. Pepper, Esq., et al.;* Civil No. 20-00003 DKW-RT; **ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND (2) REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS FOR PURPOSES OF APPEAL**

8